## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY D. EPPS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number: 08-911 |
| v. | ) (RMC) |
| | ) |
| UNITED STATES OF AMERICA, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE
## ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants the United States, the United States Parole Commission, and the Court

Services Offender Supervision Agency, through undersigned counsel, hereby move to dismiss

Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. Pro. 12(b)(1), 12(b)(6), or 56.

Because Plaintiff fails to state a claim for which relief can be granted, his Complaint should be

dismissed.

Dated: August 18, 2008.                    Respectfully,

                                           _/s/_____
                                           JEFFREY A. TAYLOR, D.C. Bar # 498610
                                           United States Attorney


                                           _/s/_____
                                           RUDOLPH CONTRERAS, D.C. Bar # 434122
                                           Assistant United States Attorney


                                           _/s/_____
                                           CHRISTIAN A. NATIELLO, D.C. #473960
                                           Assistant United States Attorney
                                           555 4th St., N.W.
                                           Room E4112
                                           Washington, D.C. 20530
                                           (202) 307-0338

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY D. EPPS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) Civil Action Number: 08-911 |
|         v. | )      (RMC) |
| | ) |
| UNITED STATES OF AMERICA, et al. | ) |
| | ) |
|     Defendants. | ) |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.     Plaintiff, Larry D. Epps, was sentenced by the District of Columbia Superior Court on June 23, 1989, to 12 years to life imprisonment for second degree murder.  (Exhibit 1, Judgment and Commitment Order ).

2.     Plaintiff was first considered for parole by the District of Columbia Board of Parole on April 23, 1997.  (Exhibit 2, Parole Determination Record).  The D.C. Board denied parole, and ordered reconsideration by October 8, 2002.  (Exhibit 3, Notice of Board Order).

3.     Plaintiff was subsequently transferred to the jurisdiction of the U.S. Parole Commission ("Commission") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131 (formerly § 24-1231).

4.     The Commission conducted a parole hearing for Plaintiff on September 23, 2002. (Exhibit 4, Hearing Summary).  On October 8, 2002, the Commission denied parole. (Exhibit 5, Notice of Action).

5.     After a rehearing in December 2004, the Commission ordered that Plaintiff be paroled

effective June 8, 2005. (Exhibit 6, Notice of Action). This date was retarded by three months for institutional misconduct and then by another month for additional time to secure placement in a Community Corrections Center. (Exhibits 7 and 8, Notices of Action).

6.      Plaintiff was paroled on October 8, 2005, to remain under parole supervision for the remainder of his sentence, i.e., for life. (Exhibit 9, Certificate of Parole). On August 25, 2006, the Commission issued a warrant for Plaintiff and he was taken into custody. After a revocation hearing, however, the Commission determined that there was insufficient evidence to make a finding of violation, and released Plaintiff back to supervision. (Exhibit 10, Notice of Action)

7.      On April 4, 2007, the Commission issued another warrant charging Plaintiff with failing to submit to drug testing; using illegal drugs; and the law violations of misuse of temporary tags, possession of drug paraphernalia, and driving an unregistered vehicle. (Exhibit 11, Warrant Application).

8.      Plaintiff was arrested on the warrant on April 16, 2007, and received a probable cause hearing on April 20, 2007. (Exhibit 12, Probable Cause Hearing Digest). The Commission made a probable cause finding that Plaintiff violated the conditions of parole as charged, and scheduled a local revocation hearing. Id.

9.      On June 4, 2007, the Commission issued a supplement to the warrant charging Plaintiff with the offense of carrying a pistol without a license. (Exhibit 13, Supplement to Warrant Application).

10.      After Plaintiff received a revocation hearing, the Commission issued a Notice of Action, on January 24, 2008, with the finding that Plaintiff failed to submit to drug testing; used dangerous and habit forming drugs; and possessed drug paraphernalia. (Exhibit 14, Notice of

Action).

11.    The Commission revoked Plaintiff's parole and granted a re-parole effective date of April 14, 2008, after the service of 12 months.  Id.  The Notice of Action informed Plaintiff that his parole effective date was contingent upon approval of his release plan by the Commission. Id.

12.    Plaintiff was also informed that his release plan would be investigated by the D.C. Court Services and Offender Supervision Agency (C.S.O.S.A.),[1] which would submit a report to the Commission before a parole certificate could be delivered.  Id.

13.    On April 9, 2008, Plaintiff's case manager requested that Plaintiff's release date be retarded 45 days because additional time was required to review his release plan.  (Exhibit 15, Electronic Mail).

14.    On April 14, 2008, the Commission issued a Notice of Action retarding the parole effective date to May 29, 2008.  (Exhibit 16, Notice of Action).  Plaintiff was released on May 29, 2008.  (Exhibit 17, Certificate of Parole).

---

[1] C.S.O.S.A. is a federal agency created by Congress that is responsible for supervising convicted offenders who are on parole, probation or supervised release for violations of the District of Columbia Code.  See Section 123 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. Law. 105-33, 111 Stat. 748, codified at D.C. Code § 24-133.

Dated: August 18, 2008.                    Respectfully,

                                           ___/s/_____
                                           JEFFREY A. TAYLOR, D.C. Bar # 498610
                                           United States Attorney


                                           ___/s/_____
                                           RUDOLPH CONTRERAS, D.C. Bar # 434122
                                           Assistant United States Attorney


                                           ___/s/_____
                                           CHRISTIAN A. NATIELLO, D.C. #473960
                                           Assistant United States Attorney
                                           555 4th St., N.W.
                                           Room E4112
                                           Washington, D.C. 20530
                                           (202) 307-0338

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LARRY D. EPPS                                )
                                             )
    Plaintiff,                        )
                                             )
                                             )  Civil Action Number: 08-911
           v.            )        (RMC)
                                             )
UNITED STATES OF AMERICA, et al.             )
                                             )
    Defendants.                       )

## POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### I.     BACKGROUND

      Plaintiff seems to allege that he was imprisoned unconstitutionally. Complaint at ¶¶ 4 -

12. Moreover, his Complaint seems to claim that the medical attention he received while

imprisoned put him at risk of some future harm. Complaint at ¶ 13. Plaintiff further alleges in

his Complaint that Defendants the United States, the United States Parole Commission ("JPC"),

and the Court Services Offender Supervision Agency ("CSOSA"), violated his constitutional

rights of due process and equal protection "in their official and individual capacit[ies]."[1]

Complaint at p. 4. Although Plaintiff does not specifically assert that he brings this suit pursuant

to 42 U.S.C. § 1983, based on the nature of his claims, the Complaint can be construed only as a

§ 1983 action. Plaintiff alleges that C.S.O.S.A. committed "gross negligence" by failing to

complete its review of his release plan in a timely manner that would ensure his release on April

14, 2008, the initial parole effective date ordered by the Commission. Moreover, he alleges that

---

[1] Plaintiff does not name any individual Defendants.

the Commission committed negligence by failing to ensure that C.S.O.S.A. completed its review

of his release plan to ensure his release on April 14, 2008.

Plaintiff seeks damages for the retardation of his parole effective date by 45 days to May

29, 2008.  He seeks compensatory damages of $272,000, punitive damages of $6 million, and the

injunctive relief of terminating his parole term.

## II.    STANDARD OF REVIEW

The Federal Defendants move for dismissal of Plaintiff's Complaint pursuant to Federal

Civil Rule 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim

upon which relief can be granted.

In order to survive a motion to dismiss brought under Fed. R. Civ. Pro. 12(b)(6), a

plaintiff must make sufficiently detailed factual allegations in his complaint 'to raise a right to

relief above the speculative level.'" Sindram v. Kelly, 2008 U.S. Dist. LEXIS 61661, *4

(D.D.C.) citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007).  "In evaluating a

Rule 12(b)(6) motion, the Court 'must accept as true all of the factual allegations contained in

the complaint,' and 'grant the plaintiff the benefit of all reasonable inferences that can be derived

from the facts alleged.'" Sindram, at *4-5 (citations omitted).  "However, 'a plaintiff's obligation

to provide the grounds of his entitlement to relief [in his complaint] requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id.

"Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the

complaint or 'legal conclusion[s] couched as...factual allegation[s].'" Sindram, at *5, citing

Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006).

Plaintiff fails to establish that this Court has subject matter jurisdiction over any of the

claims against Defendants.[2]  Plaintiff clearly bears the burden of establishing subject matter

jurisdiction, see Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939

(1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144

(1982), as well as the burden of establishing personal jurisdiction over the individually named

Defendants.  See Dickson v. United States, 831 F. Supp. 893, 896-897 (D.D.C. 1993), aff'd 48

F.3d 562 (D.C. Cir. 1995).  Requests for dismissal for lack of jurisdiction over the subject matter

pursuant to 12(b)(1) require a similar standard of review as those for failure to state a claim.  A

court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)

in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert

v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to

determine the existence of jurisdiction, a court may look beyond the allegations of the complaint,

consider affidavits and other extrinsic information, and ultimately weigh the conflicting

evidence.  See id.

Under Fed. R. Civ. Pro. 56, "summary judgment must be granted when 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law.'"  Bender v. Jordan, et al., 2008 U.S. Dist. LEXIS

---

[2]       It is well-established that when a defendant challenges the substance of
jurisdictional allegations, it may use extraneous evidence to test those allegations without
converting the motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735 n.
4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992);
Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907
F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116,
1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

61235, *13-14 (D.D.C.) (citations omitted).  "In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  Id. at 14.  A nonmoving party, however, must establish more than 'the mere existence of a scintilla of evidence' in support of its position"  Id.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements."  Id. Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor."  Id.

Applying the standards for motions to dismiss and motions for summary judgment demonstrates that Plaintiff's Complaint should be dismissed in its entirety.

## III.    ARGUMENT

### A.    Plaintiff's Claims Against All Defendants Are Barred By The Doctrine Of Sovereign Immunity

The Commission and C.S.O.S.A. are federal agencies, and, consequently, they are immune from suit absent an express waiver of sovereign immunity.  D.C. Code § 24-133(a), (c) (establishing C.S.O.S.A. "within the executive branch of the Federal Government"); 28 U.S. § 4202 (establishing the Commission "as an independent agency in the Department of Justice"); Johnson v. Williams, 2006 WL 2788985, *3 n.2 (D.D.C.) (citing See, e.g.,Settles v. United States Parole Comm'n, 429 F.3d 1098, 1100 (D.C. Cir. 2005) (holding that the Commission is "an entity that enjoys sovereign immunity from suit under § 1983")).  The United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be

sued in any court define that court's jurisdiction to entertain the suit."[3]  United States v. Sherwood, 312 U.S. 584, 586 (1941); United States v. Testan, 424 U.S. 392, 399 (1976); Settles, 429 F.3d at 1106.  Such waivers are construed strictly in favor of the sovereign.  Id.  Section 1983 does not contain any such waiver of sovereign immunity.

Plaintiff asserts in his Complaint that he also brings this action against Defendant in their "official" capacities but Defendants are all federal agencies.  Even if Plaintiff's complaint were liberally construed as naming individual federal officials or employees in this action,[4] the claims against them would fail.  A suit for damages against a federal official in his or her official capacity is, under law, a suit against the United States.  Atchison v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996) (government officials are not personally liable for damages when sued in their official capacities; damages action is equivalent to one against the government itself).  Plaintiff's money damages claims against a federal defendant in his official capacity alleging constitutional violations must be dismissed for lack of subject matter jurisdiction because the United States has not waived sovereign immunity for those claims.  FDIC v. Meyer,

---

[3]  Plaintiff's claims against the named defendants are also subject to dismissal because neither C.S.O.S.A. nor the Commission are a "person" pursuant to § 1983.  Section 1983 permits suit against "every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983 (emphasis added).  Neither Defendant is a "person" for purposes of this statute, and therefore cannot be sued under § 1983.  See Al Fayad v. C.I.A., 229 F.3d 272 (D.C. Cir. 2000) (government is not a "person" absent affirmative evidence in statute of intent to include sovereign government within term); Settles, *supra*.

[4]  The court may construe a *pro se* prisoner's complaint, in certain circumstances, liberally to rewrite the complaint to name new defendants.  See Fletcher v. District of Columbia, 370 F.3d 1223, 1227 (D.C. Cir. 2004) ("Fletcher I"), *overruled on other grounds* by Fletcher v. District of Columbia, 391 F.3d 250 (D.C. Cir. 2004) ("Fletcher II").

5

510 U.S. 471, 478 (1994) (United States has not waived sovereign immunity for money damages

sounding in constitutional tort); Chen v. United States, 854 F.2d 622, 625-25 (2d Cir. 1988)

(United States has not waived sovereign immunity for claims based on violations of the

Constitution).[5]

The United States has waived its sovereign immunity only for claims maintainable under

the Federal Tort Claims Act (28 U.S.C. § 1346(b)) ("FTCA").  That limited waiver includes

certain claims for injury or loss of property, or personal injury or death, caused by the neglect or

wrongful act of a government employee under the same circumstances as a private individual

under the law of the state where the wrongful act or omission occurred.  28 U.S.C. § 1346(b).

Constitutional tort actions, however, are not maintainable under the FTCA.  Accordingly, the

United States is not subject to suits against it that sound in constitutional tort.  See Jaffee v.

United States, 592 F.2d 712, 716-718 (3d Cir. 1979) (FTCA does not authorize suits against the

United States based on a constitutional tort theory); Boda v. United States, 698 F.2d 1174, 1176

---

[5]  Any government employee that Plaintiff may be seeking to sue can claim absolute immunity from a damages suit for their actions in parole decision-making.  See, e.g., Sellars v. Procunier, 641 F.2d 1295 (9th Cir.), cert. denied, 454 U.S. 1102 (1981) (absolute immunity for Parole Board member); Walker v. Prisoner Review Board, 769 F.2d 396, 398 (7th Cir. 1985), cert. denied, 474 U.S. 1065 (1986).  The immunity extends to hearing examiners who conduct hearings, staff who make recommendations to the Commission, and supervision officers who provide reports to the Commission.  See Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Walrath v. U.S., 35 F.3d 277, 281(7th Cir. 1994); Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996); Turner v. Barry, 856 F.2d 1539, 1540 (D.C. Cir. 1988).

Moreover, any federal officials or employees that Plaintiff might be seeking to sue also would be entitled to qualified immunity.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

To the extent Plaintiff may subsequently seek to name any individual defendants, nothing contained herein should be deemed a waiver of any defenses otherwise available to those individual defendants, including immunity from suit and insufficiency of service of process.

(11th Cir. 1983) (constitutional torts are barred by sovereign immunity, and the court lacks

jurisdiction to consider such a claim).  Plaintiff alleges in his complaint that Defendants violated

his constitutional rights of due process and equal protection.  Because Plaintiff's claims against

Defendants are constitutional causes of action the suit is not maintainable under the FTCA, and,

therefore, barred by sovereign immunity.

> **B.      Plaintiff's Claim Challenging The Duration Of His Confinement Must Be Brought In A Petition For A Writ Of Habeas Corpus Before He Can Seek Relief Under § 1983**

In a series of cases, the U.S. Supreme Court has held that a prisoner challenging the

duration of his confinement must bring his claim as a petition for a writ of habeas corpus under

28 U.S.C. § 2241.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("the essence of habeas

corpus is an attack by a person in custody on the legality of that custody.").  Habeas corpus is the

exclusive remedy for a D.C. Code prisoner who sues to secure his release from confinement.

See Chatman-Bey v. Thornburgh, 864 F.2d 804, 809-810 (D.C. Cir. 1988) (en banc) (Congress

has designated habeas corpus as the appropriate vehicle for individuals who challenge the

lawfulness of their custody); Anyanwutaku v. Moore,151 F.3d 1053, 1056 (D.C. Cir. 1998) (a

claim under § 1983 must first be brought in habeas when, if successful, it would imply or result

in a speedier release from prison); Fletcher v. District of Columbia, 370 F.3d 1223, 1227(D.C.

Cir. 2004.  The exclusivity of habeas corpus is not limited to claims for "immediate release or

release in the near future," but includes any claim that the prisoner "is being deprived of the

chance to secure his release."  See Chatman-Bey v. Thornburgh, 864 F.2d at 809.  In the present

case, Plaintiff seeks to "insure that [the Parole Commission's] order to revoke parole did not

exceed the requisite of confindment [sic]."  In particular, when Plaintiff brought this action, he

was seeking to end his confinement based on the allegedly improper revocation of his parole.[6]

The requirement that a plaintiff seek relief in habeas corpus cannot be evaded "by the simple expedient of putting a different label on their pleadings." Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973)). The D.C. Circuit, in Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000), reaffirmed the continuing validity of Chatman-Bey in requiring the use of habeas corpus before other avenues of relief (in that case, the Privacy Act), even where the claim, if successful, would have a "merely probabilistic impact on the duration of custody." See Razzoli, 230 F.3d at 373 (finding that the prisoner's challenge to loss of good time credit and postponement of parole eligibility was a challenge to duration of custody, for which habeas corpus was exclusive remedy even though impact on custody was only a probability).

Plaintiff's complaint alleges that C.S.O.S.A. and the Commission committed "gross negligence" by failing to develop his release plan in a timely manner that would ensure his release on the initial parole effective date ordered by the Commission of April 14, 2008. Plaintiff's claim is not a negligence claim at all. Instead, Plaintiff argues that he was entitled to parole on April 14, 2008, and that his parole date was unconstitutionally retarded for the purpose of release planning. Further, he asserts that the proper remedy is that he "be taken off of parole." Because Plaintiff challenges the fact and duration of his custody he must present his claims in a petition for writ of habeas corpus. Having previously filed a writ of habeas corpus in Epps v.

---

[6] Thus, Defendants' argument that Plaintiff first must have sought relief via a writ of habeas corpus is in line with Anyanwutaku,151 F.3d 1053. Anyanwutaku held that a prisoner's claim under § 1983 "must first be brought in habeas only when, if successful, it would 'necessarily imply,' or automatically result in a speedier release from prison." Fletcher, 370 F.3d at 1227. Because Plaintiff here sought to undue the revocation of his parole, which resulted in his re-incarceration, he was seeking a "speedier release from prison."

Wiley, 03-CV-271 (D. Ga. 2003)[7], Plaintiff is clearly aware that habeas corpus is the proper means for challenging the fact or duration of his custody.  His § 1983 action should be dismissed for failure to state a claim.[8]

### C.    Petitioner Has Failed To State A Claim For Violation Of His Constitutional Rights

Plaintiff alleges that  C.S.O.S.A. and the Commission violated his constitutional rights of due process and equal protection.  There is nothing in the record to support his claim that Defendants' delay in developing a release plan violated his due process rights or that he was treated differently than similarly situated prisoners.  An equal protection claim may be brought by a plaintiff alleging that he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment.  See King v. U.S. Parole Commission, 2002 WL 31520756 at *1 (D.C. Cir. 2002) (holding that offender had not shown that he was a member of a suspect class and finding that the Commission had a legitimate reason for its decision).  Plaintiff has not alleged that Defendants treated him differently from similarly situated prisoners.  See See Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1193 (5th Cir. 1985) (holding that prisoner who claimed that he was treated differently in retaliation for his

---

[7]  Plaintiff's petition for writ of habeas corpus in Epps v. Wiley, 03-CV-271 (D. Ga. 2003), was denied by the United States District Court for the Northern District of Georgia.

[8]  Plaintiff was released on May 29, 2008.  As such, his claims regarding release planning are moot if brought in a petition for writ of habeas corpus because he has already received all the relief that he could possibly be entitled to.  (Exhibit 17, Certificate of Parole); See Kimberlin v. U.S. Parole Commission, Not Reported in F.3d, 2004 WL 885215, *(D.C. Cir.) (habeas petition moot because prisoner released on parole).  However, his claim that his parole should be terminated would not be moot and, thus, properly is brought in a petition for writ of habeas corpus.

involvement in a lawsuit against corrections department failed to state a claim because he alleged

no supporting facts); Fuller v. Georgia State Board of Pardons and Paroles, 851 F.2d 1307, 1310

(11th Cir. 1988) (inmate failed to show that he was similarly situated to other inmates who were

granted parole).  Plaintiff has failed to show that he was denied equal protection of the law by

the Commission's retardation of his parole date for release planning purposes, as he has not

alleged that he was subjected to disparate treatment by virtue of intentional or purposeful

discrimination.  See Anyanwutaku v. Moore,151 F.3d 1053, 1058 (D.C. Cir. 1998).

　　　Plaintiff has also failed to show that theDdefendants deprived him of his constitutional

right to due process.  A constitutionally protected interest may arise either from the due process

clause itself, or from a statute, rule, or regulation.  See Meachum v. Fano, 427 U.S. 215, 223-227

(1976).  A liberty interest "inherent" in the Constitution arises when a prisoner has acquired a

substantial, although conditional, freedom such that the loss of liberty would entail a serious

deprivation requiring that the prisoner be accorded due process.  See Gagnon v. Scarpelli, 411

U.S. 778, 781 (1973).  Liberty interests that fall within this category include the revocation of

parole, Morrissey v. Brewer, 408 U.S. 471 (1972), and the revocation of probation,  Gagnon, 411

U.S. at 778.  Plaintiff claims that his release to parole was unconstitutionally delayed.  Release

on parole is not a constitutionally protected liberty interest inherent in the due process clause and

any liberty interest in parole release must be found in the parole statute.  See Greenholtz v.

Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).  It is well settled that

neither the D.C. parole statute, nor the regulations, create a liberty interest in parole release.

McRae v. Hyman, 667 A.2d 1356, 1361 (D.C. 1995) ("[T]he District's parole scheme does not

create...a liberty interest in the granting of parole."); Ellis v. District of Columbia, 84 F.3d 1413,

1415-20 (D.C. Cir. 1996) (neither the Constitution nor the D.C. regulations create a liberty

interest in parole); Price v. Barry, 53 F.3d 369, 370 (D.C. Cir 1995) (holding that the District of

Columbia Code did not create an expectancy of release); Brandon v. D.C. Board of Parole, 823

F.2d 644, 648 (D.C. Cir. 1987) (declining to find that D.C. parole procedures created a liberty

interest in release on parole).  Because Plaintiff has not alleged a constitutionally protected

liberty interest, this claim fails.

### F.    Plaintiff's Negligence Claims Are Not Cognizable

Plaintiff alleges that C.S.O.S.A. and the Commission committed "gross negligence" by

failing to develop his release plan in a timely manner that would ensure his release on the initial

parole effective date ordered by the Commission of April 14, 2008.  He also claims that his re-

incarceration "cause[d] damage to his health."[9]  Complaint at ¶ 13.  Having previously brought a

negligence claim pursuant to § 1983 Plaintiff is clearly aware that "[t]he only way to bring such

tort claims against the Federal Government or any agency thereof is by way of the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq..".  See Epps v. Howes, 2007 WL 2248072, *4

(D.D.C.).[10]  While Plaintiff does not explicitly invoke the FTCA in his complaint, if his

complaint were construed as alleging an FTCA action dismissal would be proper.

Plaintiff does not assert that he has exhausted the necessary administrative remedies

under the FTCA, which is a prerequisite to bringing an FTCA claim.  See Epps, 2007 WL at *4

---

[9]  Plaintiff also seems to reference some physical injury he may – or may not –
experience in the future.  Plaintiff's claims in this regard are speculative and premature.

[10]  This Court dismissed Plaintiff's previous § 1983 action alleging negligent conduct by
the government for failure to state a claim and for lack of subject matter jurisdiction. See Epps v.
Howes, 2007 WL 2248072 (D.D.C.).

(citations omitted).  An action cannot be maintained under the FTCA where the complaint is

filed before such an administrative claim is finally denied or six months have passed.  See 28

U.S.C. § 2401(b).  Because the FTCA is a limited waiver of sovereign immunity for certain

monetary claims against the United States, absent full compliance with the conditions placed

upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the

United States.  See GAF Corp. v. United States, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987);

see also Epps, 2007 WL at *4.  Plaintiff has not demonstrated that he has exhausted his

administrative remedies, therefore, this court is without jurisdiction.

　　　Second, to the extent that Plaintiff's claim that Defendant's alleged negligence resulted in

his prolonged incarceration, it is an allegation of a constitutional violation.  As shown above,

constitutional tort actions are not maintainable under the FTCA.  Accordingly, the United States

is not subject to suits against it in constitutional tort.  See Jaffee v. United States, 592 F.2d 712,

716-718 (3d Cir. 1979) (FTCA does not authorize suits against the United States based on a

constitutional tort theory); Boda v. United States, 698 F.2d 1174, 1176 (11th Cir. 1983)

(constitutional torts are barred by sovereign immunity, and the court lacks jurisdiction to

consider such a claim).  Because Plaintiff's claims are based on constitutional torts, dismissal is

proper.

　　　Finally, Plaintiff's allegations of negligence are not cognizable because Plaintiff must

show more than mere negligence.  See Daniels v. Williams, 474 U.S. 327, 330-32 (1986)

(plaintiff must show a higher level of culpability, "deliberate indifference;" a showing of mere

negligence is insufficient).  Plaintiff's self-serving assertion that Defendants committed "gross

negligence" by failing to develop his release plan in a timely manner is insufficient.  See Smith

12

v. Nixon, 807 F.2d 197, 200 (D.C. Cir. 1986) (requiring non-conclusory allegations of evidence

of bad intent to proceed).  A complaint under § 1983 or the FTCA must contain more than

conclusory allegations of unconstitutional conduct by persons acting under color of state law;

there must be some factual basis for such claims.  See Chapman v. City of Detroit, 808 F.2d 459,

465 (6th Cir. 1986) (courts should only consider well pleaded facts "not the legal conclusions

that may be drawn from the pleaded facts."); Smith, 807 F.2d at 200 (plaintiff must allege

specific and concrete facts).  Plaintiff has failed to show that Defendants' conduct violated a

regulatory, statutory, or constitutional right.  Instead, the administrative record shows that the

Commission complied with its regulation, 28 C.F.R. § 2.83(d), that authorizes the retardation of

a parole date in order to develop a suitable release plan.  The Commission retarded the parole

effective date 45 days because additional time was required to review Plaintiff's release plan.

(Exhibit 16, Notice of Action).  The Commission had the authority to retard Plaintiff's parole

date, without a hearing for up to 120 days, for purposes of release planning.  See 28 C.F.R. §

2.83(d).  Plaintiff has failed to bring a cognizable negligence claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendants request that this Court grant their Motion to

Dismiss Or, In The Alternative, Motion For Summary Judgment.

Dated: August 18th, 2008.                    Respectfully,

                                             ___/s/_____
                                             JEFFREY A. TAYLOR, D.C. Bar # 498610
                                             United States Attorney


                                             ___/s/_____
                                             RUDOLPH CONTRERAS, D.C. Bar # 434122
                                             Assistant United States Attorney


                                             ___/s/_____
                                             CHRISTIAN A. NATIELLO, D.C. #473960
                                             Assistant United States Attorney
                                             555 4th St., N.W.
                                             Room E4112
                                             Washington, D.C. 20530
                                             (202) 307-0338

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY D. EPPS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number: 08-911 |
| v. | )          (RMC) |
| | ) |
| UNITED STATES OF AMERICA, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS OR, IN THE**
**ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

UPON CONSIDERATION of Defendant's Motion to Dismiss Or, In The Alternative,

Motion For Summary Judgment, and the entire record herein, it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that Plaintiff's Complaint is hereby dismissed with prejudice.

So ordered, this _____ day of _____ 2008.


_____
The Honorable Rosemary M. Collyer
United States District Judge

Exhibit 1

*188413*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America.
District of Columbia

vs.

*Larry D. Epps*
*Aka James Washington*

Case No. *F 9286-88 B*

PDID No. *304-430*

#99
MAY

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of *B*
*Second Degree Murder.*

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *Count (B)*
*Not less than 18 yrs and more than life.*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above. *PSI Attach.*

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $*250.00* have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☑ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

*6/23/89*
Date

*Truman H. Well*
Judge

Certification by Clerk pursuant to Criminal Rule 32[d]

*6/23/89*
Date

*10:15 A.m*

Deputy Clerk

*Ex. 1*

Exhibit 2

Tape _____ at _____

TA O98 - 24 5

## DISTRICT OF COLUMBIA BOARD OF PAROLE
## PAROLE DETERMINATION RECORD
## PAROLE HEARING
## ADULT

RE: Epps, Larry _____    188-413    304-430
    Inmate's Name    DCDC#    PDID#

BIRTHDATE: 10-13-55 _____    BOP DOCKET # H97041-0063

LOCATION: MAX _____    CONSIDERATION DATE: 4-23-97

TYPE OF CONSIDERATION: ☑ Initial    ☑ Reconsideration
               Early

LAST BOARD ACTION, DATED___N/A___ : _____

_____

ANALYST: _____    PREPARATION DATE: _____

HEARING OFFICIALS: hy Dr / _____

OTHERS PRESENT: _____

☐ NO DISPOSITION, REASON: _____
    ☐ Reschedule by _____    ☐ Do Not Reschedule

INSTANT OFFENSE AND SENTENCE IMPOSED: Murder II _____
_____ 12-yrs / Life. _____

PRIOR OFFENSES: _____
_____
_____

QUALITY ASSURANCE

ANALYST: _____    DATE: 5 /12 /97

EX. 2

RE: **Epps, Larry** ●                    188-413        304-430
    Inmate's Name                        DCDC#          PDID#

DATES SENTENCES BEGAN:                    6-26-90

FULL TERM DATE:                           Life

MANDATORY RELEASE DATE:                   Life.

PAROLE ELIGIBILITY/RECONSIDERATION DATE:  10-8-97

CONTINUALLY INCARCERATED SINCE:           _____

NUMBER OF PAROLE CONSIDERATIONS THIS SENTENCE:    0

POINT ASSIGNMENT GRID SCORE AT LAST HEARING:      N/A

DETAINERS, PENDING CASES, SPLIT OR CONSECUTIVE SENTENCES: Non.

_____

INSTITUTIONAL RECOMMENDATION AT THIS CONSIDERATION: Deny

_____

_ANY SPECIAL INSTRUCTIONS FROM PRIOR CONSIDERATION: N/A

_____

_OTHER PROGRAM RECOMMENDATIONS (Note Source):_____

_____

_DESCRIBE PROGRAMMING COMPLETED, OR OTHER COMMENTS:_____

    Data Entry
    CtED
    Literacy training.

_____

_    HO:_____

_____

PDS.200 11/16/94              2

RE: **Epps, Larry** _____     _188-413_     _304-430_
    Inmate's Name     DCDC#     PDID#

FACTS OF INSTANT OFFENSE: O/A 7-13-88 police responded
to a shooting at about 9:40pm, when they
entered the apt, they observed a black male
lying on the living room floor with a gun shot
wound to the head. The victim was pronounced
dead at 11:10 pm. A witness in the apt

    HO: heard the gun shot - and ran into
the bedroom and saw suspect standing
over the victim with gun in hand - at
which time suspect ran toward the witness

VICTIM IMPACT REMARKS: with the gun the witness
struggle was ensued over the gun + the
witness ended up jumping out 3rd floor
window.

_____

_____

_____

FACTS OF NEW CRIMINAL OFFENSES OR DISCIPLINARY REPORTS: _____

Infraction a Class I DR Poss. Major contraband I - THC
    Poss Contraband II - 500

_____

_____

    HO: _____

_____

_____

_____

PDS.200 11/16/94          3

RE: Epps, Larry                                        188-413          304-430
          Inmate's Name                                DCDC#            PDID#

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH
PROBLEMS, AND TREATMENT ATTEMPTS:

_Defdt has a very extensive Crim hist_
_drug back to the 70's al has_
_been ongoing up until the I/o._
_It would appear that his Crimil conduct_
_has been escalating with in severity_
_with each arrest al conviction until._

HO: _never II (I/O - His arrest &_
_conviction involved had little positive_
_effect in deterring his Crml conduct._

_____

_____

_____

_____

PERFORMANCE UNDER ANY TYPE OF COMMUNITY SUPERVISION:_____

_Def has been a Prob't Probet using AKA's_
_Def has also a Prole for Burg II at_
_the of I/o_

_____

HO:_____

_____

_____

_____

_____

PDS.200 11/16/94                    4

RE: Epps, Larry                       188-413          304-430
Inmate's Name                                             DCDC#            PDID#

## ANALYSIS AND CONCLUSIONS

### REGARDING INMATE'S INSTITUTIONAL ADJUSTMENT AND PAROLE POTENTIAL

_[handwritten text]_ Subj also has ·ATD· He
has been turn down for medical
Parole. -

HO: _[handwritten text]_ Subj has made a good effort toward
self-improvement. He complete sent
program. He did receive a close I & II
DCR in 1993. Four years ago, -
He has been in good standing for
the past 4yr. He is not
with the BOP guidelines for parole. I will
only recommend. He type not all
in the case so to let him in
aware. At least make a
good effort

PDS.200 11/16/94                    5

RE: **Epps, Larry** ⬤_____          ⬤ _188-413_          _304-430_
　　　Inmate's Name                                              DCDC#                  PDID#

## SALIENT FACTOR SCORE
Initial Hearing Only

Anl    HO

____   ⓪    Prior Convictions or Adjudications (Adult or Juvenile):

| Year | Offense | Sentence |
|---|---|---|
| 1. 1-21-75 | Tamp Wit Con vrcelus | Guar Prbat MS |
| 2. 3-2-76 | Con ceal Weap | Imospeed Par MS |
| 3. 7-13-76 | Bd F | b mosprdot * 1/2 |
| 4. 9-4-76 | Unlaw Entry Ucu/nacly/PTA - Conp FYCdA DC |
| 5. 3-16-79 | Pss Burglary Dt E. | 18 mos/5yr. Va. |
| OTHERS 10-26-83 | Poss Coca | Probat Reod - 90 days PC. |
| 1-5-861 | Dcg. II | 3/6 yr. DC. |

```
           None..3    One..2    Two-three..1    Four or more..0
```

____   ⓪    Prior Commitments Longer than Thirty Days (Adult or Juvenile)
　　　　　　　None..2    One-two..1    Three-four..0    Five or more..0

____   ⓪    Prior Commitments in the Three Years Preceding Current Offense
　　　　　　　None..1    One or more..0

____   ⓪    Status at Time of (or Included in) Current Offense
　　　　　　　Not on probation, parole, confinement or escape status..1
　　　　　　　On probation, parole, confinement, or escape status..0

____   ②    Age at Current Offense (in Years)
　　　　　　　26 or more..2    20-25..1    19 or younger..0
　　　　　　　Regardless of age, five or more prior commitments..0

____   ⓪    History of Heroin/Opiate Dependence
　　　　　　　No..1    Yes..0

____   ②    TOTAL SCORE

| 10-9(Low Risk)= 0 Points | 8-6(Fair Risk)= 1 Point |
|---|---|
| 5-4(Moderate)= 2 Points | 3-0(High Risk)= 3 Points |

☐ 3   **INITIAL POINTS**

### NEGATIVE INSTITUTIONAL BEHAVIOR
**INITIAL**

☐ ☐  1 Class I murder, manslaughter, kidnapping, armed robbery
☐ ☐  1 Class offense other than above during last ½ of minimum
　　　 sentence, except not less than 12 months or more than 3 years
　　　 preceding hearing
☐ ☐  2 Class II offenses

**RECONSIDERATION**

☐ ☐  1 Class I offense (since last consideration)
☐ ☐  2 Class II offenses (since last consideration)

### SUSTAINED PROGRAM OR WORK ASSIGNMENT ACHIEVEMENT

☐ ☐  1 or 2 educational or vocational programs, or program levels which
　　　 enabled offender to develop an academic or job-related skill, or
　　　 progress to higher level of difficulty or skill in program area
☐ ☐  Received G.E.D.
☐ ☐  Received A.A. or B.A.
☐ ☐  1+ short-term special needs programs for an identified problem
　　　 (e.g., drug treatment, psychological counseling)--not 2-day DAATP
☐ ☐  1+ work details for at least 1/3 of this period of incarceration

RE: <u>Epps, Larry</u>                     <u>188-413</u>      <u>304-430</u>
    Inmate's Name                            DCDC#           PDID#

## POINT ASSIGNMENT GRID

| | INITIAL PAROLE HEARING | | | | RECONSIDERATION |
|---|---|---|---|---|---|
| Salient Factor Score | 10-9 | 8-6 | 5-4 | 3-0 | Point Assignment Grid Score Total From Previous Consideration |
| Degree of Risk | +0 Low | +1 Fair | +2 Mod. | +3 High | |
| | Anl    HO | Anl    HO | Anl    HO | Anl    HO | Anl        HO |
| Current or 2+ Prior Felony Convictions Where Offense Involved Violence, Weapons, or Drug Trafficking | +1    +1 | +1    +1 | +1    +1 | +1    +1 | ____    4 |
| Negative Institutional Behavior | +1    +1 | +1    +1 | +1    +1 | +1    +1 | +1        +1 |
| Sustained Achievement | -1    -1 | -1    -1 | -1    -1 | -1    -1 | -1        -1 |

**TOTAL POINTS THIS CONSIDERATION:** _____    _____
                                        Analyst      Hearing Official

| | Initial | Reconsideration | DECISION GUIDELINE RECOMMENDATION |
|---|---|---|---|
| ☐ | 0-2 | 0-3 | Grant parole |
| ☐ | 3-5 | 4-5 | Deny parole, schedule reconsideration |

| | | SETOFF GUIDELINE RECOMMENDATION |
|---|---|---|
| ☐ | Less than five years remain | reconsider within 6 mos. of hearing |
| ☐ | Five or more years remain | reconsider within 12 mos. of hearing |

ANALYST'S RECOMMENDED DISPOSITION:_____

_____

     Disposition Codes:  _____-____-_____    _____-____-_____

SPECIAL INSTRUCTIONS/CONDITIONS:

     Code:_____    _____

     Code:_____    _____

     Code:_____    _____

     Disposition is Inside Guidelines    ☐ Yes    ☐ No
     Setoff is Inside Guidelines         ☐ Yes    ☐ No

COUNTERVAILING FACTOR CODES:    _____    _____    _____

     SUPPORTING FACTS_____

     _____

     _____

PDS.200 11/16/94              7

RE: **Epps, Larry** ████            ██188-413            304-430
      Inmate's Name                    DCDC#            PDID#

OTHER REMARKS:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

☐ Subject confirms plan information in progress report

☐ Changes in plan information: _____

_____

PDS.200 11/16/94                    8

RE: Epps, Larry _____    188-█13    304-430
___ Inmate's Name                    DCDC#      PDID#

## HEARING OFFICIAL'S RECOMMENDATION

☐ ACCEPT ANALYST'S RECOMMENDATION (on Page 7)

☐ OTHER RECOMMENDED DISPOSITION: _O_ _Pul_, _reconsider_ _for_
___ _Pul_ _e_. _10-8-98_ ___

    Disposition Codes: _DE_ - _01_ - _41_ ___  -  -___

SPECIAL INSTRUCTIONS/CONDITIONS:

    Code: _27_ ___ _CPP_
    Code: _61_ ___ _NO_ _PPS_
    Others: _05_ _Prom_ _Puland_ ___

Disposition is Inside Guidelines ☑ Yes    ☐ No
Setoff is Inside Guidelines      ☐ Yes    ☐ No

COUNTERVAILING FACTOR CODES: _____ _____   _____ _____

STAFF FOLLOWUP ACTIONS: _____

_____

BY: _____    DATE: _4.23.97_
    Hearing Official

CONCURRENCE: Based on examination of the relevant information in this case, the Board concurs with the disposition recommended by the Hearing Official, and hereby orders the issuance of the appropriate implementing documents.

Board Member: _____    Date: _4/28/97_

Board Member: _____    Date: _____

Board Member: _____    Date: _____

### NONCONCURRENCE--See Attached Form BOP.902

☑ Erias Hyman    ☐ Donald Streater    ☐ Polly Nelson

☐ Margaret Quick    ☐ Marcelino Cruces

Exhibit 3

    

# The Board of Parole

### *of the*

# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 188-413                **NAME** LARRY D EPPS

**DOB**   10/15/1955           **SSN** 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        **LOCATION** MAXIMUM

**DOCKET** H9704-0063          **CONSIDERATION TYPE** H:EARLY INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

   DENY PAROLE; RECONSIDER FOR PAROLE BY 10/08/2002

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

   PROGRAM PARTICIPATION
   WORK DETAIL
   NO NEW DISCP. REPORTS
   PSYCHOLOGICAL COUNSELING
   INTENSIVE DRUG PROGRAM/SUBSTANCE ABUSE PROGRAM
   CCRP

Remarks:

*Cf. 5/12/97*

**05/07/1997**

**Date**

*Margaret Quick* - 1

**Chairman**
on behalf of the Board of Parole

Seal

NOA Date __5/14/97__ by _____

[ Parole Determination File ]

Ex. 3

RE: Epps, Larry        DCDC# 188 -413  Board Order Date: 5/7/97

Code #            / Reasons for the Board's Decision are Circled Below:

20  As Recommended by Point Assignment Grid Score (a Numerical Risk Measurement) of: 4
30  Set-off is Outside Parole Guidelines Recommendation Due to Countervailing Factors
21  Exceptional Program or Work Assignment Achievement
      Successful completion of appropriate educational or vocational programs or program levels which increased the likelihood the
      offender will remain crime-free in the community, OR exceptional and sustained performance in one or more work details
      which increased the likelihood the offender will remain crime-free in the community, OR maximum effort to participate in
      appropriate programs, but opportunities for programming were not available, and offender's programming needs can be met
      in the community.
22  Record of Nonviolent Offenses
      criminal convictions have not involved injury or threat of injury to others
23  Substantial Crime-Free Period
      in the 5 years prior to committing instant offense, subject was not committed for more than 30 days on any offense, AND
      offender has otherwise demonstrated an ability to remain crime-free in the future
24  Substantial Previous Period in Custody on Other Sentences or Additional Committed Sentences
      offender has demonstrated during this continuous period in custody, which included or will include other sentences, that he or
      she is ready to be paroled to the community or to his or her consecutive sentence
25  Substantial Cooperation with the Government
      documented special or unusual assistance to DCDC or another government agency which made an exceptional contribution to
      the health, welfare, or safety of persons or property
29  Availability of Community Resources Leading to Better Parole Prognosis
      an opening or opportunity for offender to participate in a program, service or other accommodation in the community, AND
      that will meet the offender's identified needs and lead to reduced risk to the community or another person
28  Poor Medical Prognosis
      terminally ill or sufficiently debilitated so that the likelihood of repeated criminal involvement or risk to the community or
      other person is minimal
26  Other Changes in Circumstances
      capabilities or characteristics of offender have changed in ways that minimize the likelihood of repeated criminal involvement,
      or risk to the community or other person
61  Prior Failure Under Community Supervision
      offender's prior negative conduct while under community supervision is likely to be repeated if again released to the
      community
69  Ongoing or Repetitive Criminal Behavior
      failure to remain free of criminal activity over sustained periods of time, OR instant offense is similar to a prior offense and is
      likely to be repeated
62  Prior Record of Violent Behavior
      prior record of violent behavior that creates an unacceptable risk to public safety
63  Instant Offense Involved Unusual Cruelty to Victims
      physical, mental, or emotional abuse beyond the degree needed to sustain a conviction on the instant offense, OR especially
      vulnerable victims (for example, children or elderly persons victimized by assaultive, exploitive, or fraudulent behavior)
64  Serious Negative Institutional Behavior
      documented criminal conduct or breach of institutional rules, the severity, frequency, or recent occurrence of which indicates
      that subject is not ready to remain crime-free in the community
65  Opportunity but Little Effort to Engage in Productive Programming or Work
      an opportunity for productive programming or work was made available by the Department of Corrections, parole officer, or
      other agency or employer, AND offender was able but failed to make appropriate use of that opportunity
56  Absence of Community Resources Which Ensure Safety of the Community
      unavailability of necessary services to support offender's personal or community adjustment, and minimize risk to the
      community, offender, or other person
57  Needs Programming to Remain Crime-Free in the Community
      offender requires appropriate programming to address the underlying cause of his or her criminal conduct and reduce the risk
      to the community

'0  Other:_____                    Margaret Quick - 1

OP.301  11/1/95

Exhibit 4

(RHO-S)

&lt;SUMCODE-DCRERESA_SUM&gt;
## D.C. REHEARING/RESCISSION HEARING SUMMARY
## ADULT AND YOUTH
## (INITIAL HEARING PRIOR TO 8/5/98)

**Offense of Conviction - Murder 2nd Degree**

| | | | |
|---|---|---|---|
| **Name** | :EPPS, Larry | **Institution** | :Atlanta USP |
| **D.C. No** | :36966-118 | **Short Term Date:** Not applicable | |
| **Date of Birth** | :10-13-55 | **Full Term Date:** Life | |
| **Date Dictated** | :09-23-2002 | **Fines/Restitution/Court Assessment:** $250 | |
| | | **Detainer** | :None |
| | | **Reviewer** | :Sam Shoquist |

## I.     PREVIOUS PAROLE BOARD ACTION:

Please see pre-hearing review dated 09-12-2002.

## II.     INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

Since his last hearing before the DC Board in May 1997, subject has continued to program well. He has earned a number of certificates while confined in DOC custody and has continued to program well in the BOP. Subject has been at this institution for approximately one year and has already earned the level of Pay Grade 1 working in Unicor in the sewing section. He receives outstanding work reports.

Subject has obtained his GED in 1992 while confined in DOC custody in a contract institution.

Subject has also been involved in psychological counseling. A report was submitted dated 09-19-2002 that gives a comprehensive review of this individual in the 12-page narration. That report indicates that subject has made little progress in his efforts to gain individual therapy. Also, according to one of the testing instruments, there is indication that there may be a 50% chance of reinvolvement in violent behavior in the next 7-10 years based upon the crime of murder, rather than self-defense as subject argues.

Subject also presented copies of the various certificates that he has received while confined in DOC and BOP custody and this examiner would agree that he has programmed very well.

Upon release, subject indicates that he would like to relocate to California where he has support from family and friends. He indicates that he would likely work as a tailor as that is

EPPS.369                                                                 Page 1 of 3

*Ex. 4*

(RHO-S)

what he is trained well to do.

## III.   MISCONDUCT DETAILS:

Subject has remained incident-free since his last hearing before the DC Board.

## IV.   GRID SCORE:

Subject had a point score of 4 entering this hearing and based on programming he would reduce his point score by 1 point and would have a parolable score of 3.

## V.   CODEFENDANTS:

None.

## VI.   RISK:

Based on the serious nature of the instant offense involving the taking of a life subject must be considered a serious risk.

## VII.   EVALUATION:

Subject does have a point score of 3 which under the DC parole procedures is a parolable score unless there are overriding factors.  This examiner believes that subject should be denied parole at this juncture and a decision made above the guidelines based upon the fact that subject had a prior conviction for possessing a weapon and burglary-related convictions before again using a weapon to take a life.

Subject claims that the incident was self-defense, indicating that this New York drug dealer who was in Washington, DC was about to take his life when he had to resort to using the weapon that he was carrying to shoot this individual.  Subject indicates that he panicked after committing the shooting and left the scene.  He states that he subsequently turned himself in on 08-09-88 and was in custody until 04-02-90 at DOC Maximum Facility.  However, according to the sentence computation information, subject had only 6 months jail time credit prior to his coming into custody on 06-26-90.  Subject indicates that he had actually been released on 04-02-90 by authorities and was involved in a drug treatment program before being returned to custody on 06-26-90 when he was sentenced after pleading on the 2nd degree murder case. Subject indicated that the motivation for him to plead to the 2nd degree murder case was based in part upon authorities having indicted him on another murder in which he had been present in the area but had actually not witnessed.  He indicated that the government was attempting to gain his assistance in cooperating and subject was encouraged by his brother who is a DC Police Officer to accept the plea agreement of the 2nd degree murder in the current offense for dropping of the other case.  Subject claims that he had nothing to do with the other case. ...in order for the government to gain leverage in getting him to cooperate in that matter.  He indicated that the actual individual that did commit the murder was found not guilty by a jury

EPPS.369                                                                                    Page 2 of 3

(RHO-S)

trial and another individual who had given information about the murder who was not guilty ended up getting 16 years.

Subject maintains that he is not a violent offender and that he could have avoided the entire matter by not being in the area where the New York drug dealer was doing business with others buying drugs out of a friend's apartment.

While it is true that subject has programmed extremely well and has no doubt matured during his 153 months in custody, the fact remains that the subject did take a life. The DC Board did give him a 5-year set-off at the last hearing and this examiner believes that an additional set-off is appropriate at this juncture. However, the DC guidelines call for 0-12 months before scheduling a rehearing. The examiner recognizes that the subject has a parolable point score but believes that the overriding factor is that his criminal activities did involve burglaries and possession of a weapon prior to his again using a weapon to commit the instant offense.

## VIII. RECOMMENDATION:

Deny parole and continue for a rehearing in September 2003 after the service of 12 months from the rehearing date of 09-23-2002.

## IX. REASONS:

You have a total point score of 3 under the guidelines for DC Code offenders. The guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found to be warranted because you had a conviction for possessing a weapon and burglary-related convictions before again using a weapon to take a life.

ALG
September 27, 2002

Exhibit 5




U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

| | |
|---|---|
| Name: EPPS, Larry<br>Register Number: 36966-118<br>DCDC No: 188-413 | Institution: Atlanta USP<br><br>Date:     October 8, 2002 |

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in September 2003, after the service of 12 months from your rehearing date of September 23, 2002.

**REASONS**:

Your Grid Score at your last hearing was 4 point(s).  You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes 1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 3. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.  Those guidelines indicate that parole should be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you had a conviction for possessing a weapon and burglary related convictions before again using a weapon to take a life.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C.  20001

EX. 5

Exhibit 6

 

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: EPPS, Larry | Institution: Atlanta USP |
| Register Number: 36966-118 | |
| DCDC No: 188-413 | Date: December 30, 2004 |

As a result of the hearing conducted on December 7, 2004, the following action was ordered:

Parole effective June 8, 2005.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency, which will submit a report to the Commission before a parole certificate can be delivered.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

REASONS:

Your Grid Score at your last hearing was 3 points. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes -1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 2. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C.  20001

Ex. 6

Exhibit 7



U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: EPPS, Larry | Institution: Atlanta USP |
| Register Number: 36966-118 | |
| DCDC No: 188-413 | Date: July 13, 2005 |

As a result of the hearing conducted on June 28, 2005, the following action was ordered:

Rescind parole grant effective date of June 8, 2005. Parole effective September 8, 2005. This requires the additional service of 3 months.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency, which will submit a report to the Commission before a parole certificate can be delivered.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

REASONS:

You have committed 1 drug related infraction(s). Guidelines established by the Commission indicate a range of up to 8 months be added to your guideline range for each drug related infraction.

Your rescission guideline range is 0-8 months to be added to your original parole effective date of June 8, 2005. After consideration of all relevant factors and information presented, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

Ex. 7

Exhibit 8

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

| Name: EPPS, Larry | Institution: Atlanta USP |
| Register Number: 36966-118 | |
| DCDC No: 188-413 | Date:     September 7, 2005 |

---

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.83(d):

Reopen and retard parole effective date of September 8, 2005 by 30 days and parole effective October 8, 2005.

**With the special condition(s) as indicated below:**

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS:**

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment. Additional time, however, is needed to process placement in a CCC.

THE ABOVE DECISION IS NOT APPEALABLE.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

---

Ex. 8

Exhibit 9

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Epps, Larry, Register No. 36966-118, (DCDC No. 188-413) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on October 8, 2005 and remain under parole supervision through LIFE. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on September 29, 2005.

UNITED STATES PAROLE COMMISSION

By    Dawn   M.   Booze-Hill,   Case   Services

Technician

Docket/Case Number: FD286-88D
Initial Risk Category: SFS 2

**Acknowledgement of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of these conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____          _____
              Name                                    DCDC No.

Witnessed: _____

              Name and Title                              Date

The above-named inmate was released on the _____ day of _____, 20_____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 09-29-2005 12:08:45 BOP-Atlanta USP | BOP-Hope Village CCC |

Ex-9



This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1.  A.  You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.
    B.  If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2.  You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3.  You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4.  You must notify the officer supervising you within two days of (A) any arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5.  You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6.  You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession including in your residence, place of business or employment, and vehicle.

7.  You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8.  You must not violate any law and must not associate with someone else who is violating any law.

9.  You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 09-29-2005 12:08:45 BOP-Atlanta USP | BOP-Hope Village CCC |



## SPECIAL CONDITIONS

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 09-29-2005 12:08:45 BOP-Atlanta USP | BOP-Hope Village CCC |

Exhibit 10



**Notice of Action**

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

| | |
|---|---|
| Name: EPPS, Larry | Institution:  D.C. CTF |
| Register Number:  36966-118 | Date:      November 20, 2006 |
| DCDC No:  188-413 | |

As a result of the hearing conducted on November 8, 2006, the following action was ordered:

### DC Local Revocation:

The result of your hearing on November 8, 2006 is that there is no finding of violation.   Release forthwith from custody of the warrant dated August 25, 2006 and reinstate to supervision.

You are to report to your Community Supervision Officer immediately upon release.


THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.


cc:    D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C.  20003

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C.  20001
       Warrants - Attn:  David Baldwin

       U.S. Probation Office
       General Supervision Unit IX-Team 14
       CSOSA
       1418 Good Hope Road, S.E.
       Washington, D.C.  20020

       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C.  20001

Ex. 10

Clerk:  ADC

Exhibit 11

 

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name.............................. **Epps, Larry**

Reg. No........................... **36966-118**
DCDC No. ..................... **188-413**
FBI No ........................... **278412M4**
Birth Date ...................... **October 13, 1955**
Race .............................. **Black**

Date........................................... **April 4, 2007**
Termination of Supervision ..... **LIFE**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .......................... ~~December 15, 2005~~ *9/11/06*
Released ................................. **October 7, 2005** *plw*

Sentence Length............. **LIFE**
Original Offense ........... **Second Degree Murder**

The subject should receive credit towards his re-parole guidelines from 9-8-06 thru 11-20-06 for time spent in custody on warrant dated 8-25-06.

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 9-11, 9-18-06, 1-5, 2-9 and 3-16-07. This charge is based on the information contained in the violation report dated 2-6 and 3-27-07 from supervising Officer Emesha James.
I ADMIT [  ] or DENY [  ] this charge.

---

Epps,  Larry
Reg. No. 36966-118    DCDC No. 188-413

*Ex·11*

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine and Opiates on 2-5-07

Cocaine on 2-16, 3-2 and 3-9-07

This charge is based on the information contained in the violation report dated 2-6 and 3-27-07 from supervising officer Emesha James and corresponding drug report dated 3-20-07
I ADMIT [   ] or DENY [   ] this charge.

**Charge No. 3 - Law Violation. A) Misuse of Temporary Tags; B) Possession of Drug Paraphernalia; C) Unregistered Vehicle.** On 2-4-07, the releasee was operating a vehicle which had tags that were registered to another vehicle. During the search incident to arrest, an officer recovered a syringe from the releasee's pants pocket. In addition a makeshift pipe made from a plastic bottle was located where the releasee was seated. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 2-4-07. This charge is based on the information contained in the violation report dated 2-6-07 from supervising officer Emesha James and a police report dated 2-4-07. Status of Custody/Criminal Proceedings: The subject was released on 2-12-07. A status hearing is scheduled for charges (A) and (C) on 4-9-07. A non-jury trial is scheduled for charge (B) on 5-14-07
I ADMIT [   ] or DENY [   ] this charge.

Probable Cause Hearing Is  Required

Warrant Recommended By:

*Rhonda A. Shelton*

Warrant Issued.................. April 4, 2007

Rhonda A. Shelton, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit IX-Team 53, 1418 Good Hope Road**

Exhibit 12

## D.C. PROBABLE CAUSE HEARING DIGEST

Name.............................: Epps, Larry

Reg. No. .........................: 36966-118

Type of Release ............:Parole

Full Term Date When Warrant Issued..: LIFE

Date Warrant Executed.: _4.16.07_

Hearing Date.........: _4.20.07_

Examiner...............: _Alausta_

Supervision Officer: Emesha James

---

## Attorney at Probable Cause Hearing:

[X] PDS      [ ] Other     [ ] None

Name _asung_

Address_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[X] PDS    [ ] Other    [ ] Unknown

Name _Same_

Address_____

_____

Phone_____

---

## I. Items Advised {Check that the subject has been advised of the following two rights}:

[✓] Advised of Right to a Probable Cause Hearing  [X] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing
{If Probable Cause Hearing not conducted, indicate the reason}:

*N/A* [ ] Postponed to Next Docket {If so, provide reason for postponement and omit rest of form.}

[ ] At Request of Attorney/Prisoner        [ ] Prisoner Unavailable

[ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled {If so, skip to VI, Revocation Hearing.}

---

Ex.12




## III. Review of Charges:

**Charge No. 1 - Failure to Submit to Drug Testing**

[ ] ADMITS        [X] DENIES

The Subject's Response:

_____

_____

_____

[X] Probable Cause Found. After considering the violation report dated 2-6, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

*Based on CSO Report*

_____

[ ] No Probable Cause Found

_____

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**

[ ] ADMITS        [X] DENIES

The Subject's Response:

_____

_____

[X] Probable Cause Found. After considering the violation report dated 2-6, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

*Based on CSO Report*

_____

Epps, Larry
Reg. No. 36966-118    DCDC No. 188-413

[ ] **No Probable Cause Found**

**Charge No. 3 - Law Violation.** A) Misuse of Temporary Tags; B) Possession of Drug Paraphernalia; C) Unregistered Vehicle.

[ ] **ADMITS**     [X] **DENIES**

The Subject's Response:

*goes to court soon on Drug Paraphernalia (5-14-07)*

*He has a ticket to pay on 3-a & 3-C*

[X] **Probable Cause Found.** After considering the violation report dated 2-6-07, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

*Based on CSO Report*

[ ] **No Probable Cause Found**

**IV. Additional Charges:**  *none*

Epps,  Larry
Reg. No. 36966-118     DCDC No. 188-413

## V. Outcome of Probable Cause Hearing:

[X] Probable Cause Found on one or more charges, Hold in Custody pending revocation hearing.

[  ] No Probable Cause Found for any charge. Discharge from Custody immediately and

      [  ] Reinstate to Supervision or  [  ] Close Case *[If expiration date has passed]*

[  ] Probable Cause Found on one or more charges. Recommend Reinstate to Supervision and

      [  ] Summon to revocation hearing or [  ] Terminate revocation proceedings

Reason for Release/Summons: _____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Emesha James
Status: __X__ Approved          _____ Not Approved          _____ Pending Further Review

Sgt.
Referencing Charge # 3 Name: James Lafranchise, MPD Badge # S-127
Status: __X__ Approved          _____ Not Approved          _____ Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name: _____ *none* _____

Address: _____

Phone No. _____

Status: [  ] Denied at PC Hearing     [  ] Approved at PC Hearing     [  ] Pending Further Review

Reason for Denial: _____

_____

_____

## IX.   Revocation Hearing:

[ X ] Local Revocation **or**     [  ] Combined Probable Cause/Local Revocation on:

Location: [ X ] CTF  [  ] DC Jail   Date: 6-11-07          Time: [ X ] am   [  ] pm

[  ] Other at _____

_____

[  ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:** A continuance must be requested in writing.  You may submit your requests via e-mail.  E-
Mail Address:  continue.hearing@usdoj.gov

_____
_____

                *Attorney/Prisoner*                                    *Date*

_____

*Additional Text:*

Subject does not want an
expedited offer

attorney asing requests release pending final
hearing — CSO report shows he is good candidate
for treatment

*J Roberton Haure*          4-20-07
_____
                *Examiner*                                    *Date*

**Disclosure Documents:**  Warrant dated 4-4-07, Warrant Application dated 4-4-07, Violation Report
dated 2-6 and 3-27-07 with attachments, Parole Certificate dated 9-29-05, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

                                              4-20-07
_____
                *Attorney/Prisoner*                                    *Date*

_____

                        **Epps,  Larry**
                Reg. No. 36966-118    DCDC No. 188-413

U.S. DEPARTMENT OF JUSTICE
United States Parole Commission
Chevy Chase, MD 20815

Probable Cause and Revocation
Hearing Form for D.C. Code Parolees or Releasees
Arrested in the District of Columbia

# PART ONE

*Instructions:*  This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission.  The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant.  The purpose of the hearing is to determine whether probable cause exists for the charged violations.  At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges.  You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney.  If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing.  The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service.  If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you.  If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s).  If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant.  If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution).  Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated.  In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.*
The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness.  If you desire the presence of a voluntary witness at the probable cause hearing (or a

. subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) ( ✓ ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (   ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

X *Larry Epps*                          X 4/20/07

(Signature of Parolee or Releasee)          (Date)

## PART TWO

*Instructions:* **This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.**

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a ● al revocation hearing, such hearing ● l be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(     ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

( ✓ ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

_____          _____
(Signature of Parolee or Releasee)          (Signature of Hearing Examiner)

4/20/07                                                    4-20-07
_____          _____
(Date)                                                   (Date)

ASSIGNMENT OF COUNSEL FOR A PAROLE REVOCATION HEARING
**Before The**
UNITED STATES PAROLE COMMISSION

Name: _X_____ Register No. _3696-118_ DCDC No. _X 188-413_

For Probable Cause Hearing                    For Revocation Hearing

*(Select all that apply)*

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

_X_____, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____          I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.
(initials)

__✓____          I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and
(initials)         in connection with this application, I state as follows concerning my true financial condition:

|  |  | employed | unemployed |
|---|---|---|---|
| I am |  |  | $ N/A |
| If employed, state weekly income |  |  | $ N/A |
| If self-employed, state average weekly income | $ N/A |  | $ N/A |
| Cash on hand and in bank |  |  | N/A |
| Number of dependents |  |  | N/A |
| Property Owned |  |  |  |

I certify the above to be correct.

_____
*(Signature of Applicant and Date)*

Witness: _Ariel N Gabler_                    4-20-07
*(Signature, Title and Date)*

false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

Return From D.C. Public Defender Service

The above-named applicant will be represented by _Mona Asiner_    202 628 1200
                                                  *(Name and Phone Number)*

Please fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525.

Exhibit 13



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**SUPPLEMENT**
**D.C. Code Offender**

Name ...........................Epps, Larry
Reg. No .......................36966-118
DCDC No....................188-413
FBI No.........................278 412 m4
Birth Date....................10-13-1955
Race............................Black
Date ............................June 4, 2007

**CHARGES:**

**Charge No. 4 - Law Violation - Carrying a Pistol without a License.** On 4-14-07, MPD entered the releasee's apartment and, was apprehended. Recovered from the releasee's vehicle was a 38 Caliber handgun. The releasee was arrested by MPD for the above cited offense on the same day. This charge is based on the information contained in the violation report dated 5-1-07 from supervising officer Emesha James and a the criminal complaint dated 4-16-07. Status of Custody/Criminal Proceedings: Unknown

I ADMIT [   ] or DENY [   ] this charge.

Warrant Issued ..............April 8, 2007
District Sent To ............General Supervision Unit IX-Team 53

Warrant Recommended By:

Jonathan Randall, Case Analyst
U.S. Parole Commission

Epps, Larry
Reg. No. 36966-118    DCDC No. 188-413
Warrant Application Supplement
Page 1
Queued: 06-04-2007 16:25:49 USM-District of Columbia - District Court | USPO-General Supervision Unit
IX-Team 53, 1418 Good Hope Road |

**EXHIBIT**
13

Exhibit 14

U.S. Department of Justice

**Notice of Action**

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | | |
|---|---|---|
| Name: EPPS, Larry | Institution: | D.C. CTF |
| Register Number: 36966-118 | | |
| DCDC No: 188-413 | Date: | January 24, 2008 |

As a result of the hearing conducted on January 14, 2008, the following action was ordered:

### DC Local Revocation

Revoke parole. None of the time spent on parole shall be credited. Re-parole effective April 14, 2008 after the service of 12 months.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Failure to Submit to Drug Testing.

Basis: The testimony provided by CSO James at the hearing.

Charge No. 2 - Use of Dangerous and Habit Forming Drugs.

Basis: The testimony provided by CSO James at the hearing.

Charge No. 3 - Law Violation: (b) Possession of Drug Paraphernalia.

Basis: The testimony proved by Officer LaFranchise at the hearing.

The Commission makes no findings concerning the following charges:

Charge No. 3 - Law Violations: (a) Misuse of Temporary Tags; (c) Unregistered Vehicle.

Charge No. 4 - Law Violation: Carrying a Pistol Without a License.

EPPS 36966-118                                    -1-                                    Clerk: MD/jq

Ex, 14

Basis: Insufficient evidence.

**REASONS:**

Your parole violation behavior has been rated as criminal conduct of Category One severity because it involved Possession of Drug Paraphernalia and administrative violations. Your salient factor score is 3. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of 1/14/2008, you have been in confinement as a result of your violation behavior for a total of 9 month(s). Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave., N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: David Baldwin

       Mona Asiner
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

Clerk:   MDR

EPPS 36966-118
Queued: 01-24-2008 14:29:52 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**    **Salient Factor Score (SFS-98) Item Explanations**

0    A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0    B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

2    C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)
(see table below for an explanation)

0    D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such
commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0    E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, or escape status at the time of the current offense; nor committed as a
probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

1    F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items
A-E above is 9 or less) = 1; Otherwise = 0

3    **Salient Factor Score (SFS-98)** (sum of points for A-F above)



| Points for SFS Item C | | | |
|---|---|---|---|
| | Prior Commitments | | |
| Age | 0-1 | 4 | 5+ |
| 26 & up | | | 1 |
| 22-25 | | | 0 |
| 20-21 | | 0 | 0 |
| 0-19 | | 0 | 0 |

Exhibit 15

**Jackson, Jequan S. (USPC)**

| | |
|---|---|
| **From:** | Malikah Reeder [mreeder@bop.gov] |
| **Sent:** | Wednesday, April 09, 2008 3:07 PM |
| **To:** | Jequan Jackson |
| **Cc:** | Kim Easterling |
| **Subject:** | Inmate EPPS, Larry D. # 36966-118 (Per our conversation) |

Hello, I am the Case Manager for the inmate noted above.  Mr. Epps arrived at MDC Brooklyn, on February 27, 2008, designated to USP Canaan.  Mr. Epps arrived on my unit on March 3, 2008.  I was under the impression that he would be transferred to USP Canaan.  However, he was never transferred an he has a presumptive release date of April 14, 2008, and the release method is PAROLE FROM PAR COM OR CT.  I am requesting that Mr. Epp's relase date is retarded 45 days, per our conversation to allow the Probation Officer to investigate the release plan.  Thank you for your time in this matter.  If you have any questions or concerns you can contact me at (718)840-4200 ext.4314.

1

Ex. 15

Exhibit 16

U.S. Department of Justice         Notice of Action
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | | |
|---|---|---|
| Name: Epps, Larry | Institution: | Brooklyn MDC |
| Register Number: 36966-118 | | |
| DCDC No: 188-413 | Date: | April 14, 2008 |

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.83(d):

Reopen and retard parole effective date of 4/14/08 by 45 days and parole effective 5/29/08.

**With the special condition(s) as indicated below:**

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS:**

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment. Additional time, however, is needed to develop a satisfactory release plan.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

Ex. 16

Exhibit 17

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Epps, Larry, Register No. 36966-118, (DCDC No. 188-413) (the "inmate") is
eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty
without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the
United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on May 29,
2008 and remain under parole supervision through LIFE. The conditions listed in this certificate apply
during the inmate's parole supervision.

Given under the hand and the seal of the Commission on May 19, 2008.

UNITED STATES PAROLE COMMISSION

By: Dawn M. Booze-Hill, Case Services Technician

Docket/Case Number: T9236-SEB
Initial Risk Category: SFS - 3

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have
received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been
imposed upon me and know that if I violate any of these conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any
facility administering a drug or alcohol treatment program in which I am or will be participating, on the
one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent
to disclosure by such facility to the Commission and the office responsible for supervising me of any
information requested related to my supervision, and the disclosure by the Commission and the office
supervising me to any agency that requires such information for the performance of an official duty. This
consent is irrevocable until the end of parole supervision.

_____          _____
            Name                                        DCDC No.

Witnessed: _____
            Name and Title                              Date

The above-named inmate was released on the _____ day of _____, 20___ with a total
of _____ days remaining to be served.

                                        _____
                                        Official Certifying Release

Queued: 05-19-2008 11:25:08 BOP-Canaan USP |

Ex. 17

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.
   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4. You must notify the officer supervising you within five days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6. You must permit the officer supervising you to confiscate any material that the officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8. You must not violate any law and must not associate with someone else who is violating any law.

9. You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 05-19-2008 11:25:08 BOP-Canaan USP ]

**SPECIAL CONDITIONS**

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 05-19-2008 11:25:08 BOP-Canaan USP |